In the Matter of Kevin L. MOYER.

No. 12S00–0507–DI–329.

Supreme Court of Indiana.

Jan. 30, 2006.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In February 2002, an out-of-state law firm hired respondent to represent its client, in a lawsuit pending in Indiana. On September 30, 2003, the law firm instructed respondent to file a petition for arbitration. Respondent failed to do so and allowed the law firm to believe that he had. In October 2004, respondent notified the law firm that the case had settled, when in fact it had not. When the law firm requested the settlement check and release papers, respondent fabricated excuses for not providing them. In December of 2004, respondent sent a check from his firm's checking account purporting to be the settlement proceeds. When the out-of-state firm requested copies of the releases and the original check, respondent again fabricated excuses for not providing the documents. Not until February 15, 2005, did respondent finally admit that the case had not settled.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.3,

which requires a lawyer to act with reasonable diligence and promptness in representing a client; Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter; Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions; and Prof. Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation,

**Discipline:** Sixty (60) day suspension with automatic reinstatement thereafter.

Because it is our policy to encourage agreed dispositions of attorney disciplinary matters and because respondent self-reported his misconduct to the Commission, we now APPROVE and ORDER the agreed discipline. The respondent is suspended from the practice of law for sixty (60) days commencing March 1, 2006, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents, believing the agreed sanction too lenient.